IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Thorco Projects A/S, | § § | |
| Plaintiff, | § § | Case No. |
| vs. | § § | |
| | § | **IN ADMIRALTY** |
| M/V BF TIMARU, | § | |
| IMO No. 9346421, her engines, freights, | § | |
| apparel, appurtenances, tackle, *in rem*, and | § | |
| MS "BF TIMARU" Schiffahrts GmbH KG, | § | |
| *in personam,* | § § | |
| Defendants. | § | |

## VERIFIED COMPLAINT

COMES NOW, Plaintiff, Thorco Projects A/S (hereinafter "Thorco" or "Plaintiff"), by and through its undersigned counsel, hereby files this Verified Complaint against the Defendant M/V BF TIMARU, IMO No. 9346421, her engines, freights, apparel, appurtenances, tackle etc. *in rem* (hereinafter the "Vessel") and against Defendant MS "BF TIMARU" Schiffahrts GmbH KG (hereinafter "Owners"), *in personam* (hereinafter collectively "Defendants") and avers and pleads as follows:

### I. JURISDICTION, VENUE AND PARTIES

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provisions of Rule B and Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (hereinafter "Supplemental Rules").

2.  Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the *in rem* Defendant M/V BF TIMARU is located in the Eastern District of Louisiana.

1

3.   At all times material hereto, Plaintiff Thorco, was and still is a foreign business organized under the laws of Denmark.

4.   Defendant M/V BF TIMARU was and still is an ocean-going general cargo vessel, registered in Antigua and Barbuda, IMO number 9346421, call sign V2HC6, and is now, within the Eastern District of Louisiana, and subject to the jurisdiction and venue of this Honorable Court.

5.   Defendant Owners are a foreign business that is the registered owner of the M/V BF TIMARU.

## II. FACTS

6.   Thorco brings this action in order to recover amounts indisputably due and owing as a result of Defendant Owners' breach of the parties' charter party agreement.

7.   On or about March 4, 2021, Owners and Thorco entered into a time charter agreement for a duration of 6-7 months without guarantee for use of the M/V BF TIMARU. Consistent with industry practice, the parties utilized a form charter party agreement with primary terms amended in the Fixture Recap. *See* a true and correct copy attached hereto as **Exhibit 1**.

8.   The parties' agreed to a redelivery range of Singapore-Japan and period of December 15, 2021 to January 20, 2022.

9.   The charter party agreement is a maritime contract.

10.   Pursuant to Clause 1 of the charter party, "the Owners shall . . . maintain her class and keep the vessel in a thoroughly efficient state in hull, machinery and equipment ***with all certificates necessary to comply with requirements at all ports of call*** for and during the service." Id. (emphasis in original).

2

11. Pursuant to Clause 18, ". . . the Charterers have a lien on the Ship for *all monies paid in advance and not earned, and any overpaid hire or excess deposit to be returned at once*." *Id*. (emphasis added)

12. Under the terms of the charter party, Thorco agreed to pay charter hire in the amount of USD 6,250 PDPR for the first twenty-five (25) days and USD 7,000 PDPR thereafter. *Id*.

13. On or about November 23, 2021, the Vessel incurred engine problems and was required to call at a port of refuge in Brest for repairs. Between repairs and subsequent weather delays, the Vessel was delayed and offhire for a total of 27.8 days.

14. Consistent with the terms of the charter party, the period of redelivery was to be extended commensurate with the same period of time that the Vessel was offhire at charterers' option. This would enable the Vessel to complete necessary discharge of cargo in New Orleans, and then load a final cargo on behalf of charterers before redelivery in Asia.

15. However, Owners have failed, neglected, and/or refused to extend the charter period and the Vessel is unable to complete charterers instructions to carry the next cargo and redeliver in Asia within Owners' demanded redelivery date.

16. The reasoning provided by Owners is that the Class Documentation for the Vessel is set to expire and the Vessel is to proceed to drydock in Asia on or about February 1, 2022.

17. Owners have refused to answer Charterers further instructions and/or confirm that the Vessel will follow Thorco's instructions once the Vessel has completed discharge operations in New Orleans on or about Sunday, January 2, 2022.

18. Upon information and belief, Owners are in the process of securing their own spot voyage fixture for the Vessel to carry cargo from U.S. Gulf/West Coast to Asia.

19. As such, Owners are in repudiatory and anticipatory breach of the charter party agreement.

20. At present, there is an overpaid quantum of monies, hire, and deposit which is due and owing from Defendant Owners to Thorco in the amount of $165,232.90 as a result of the repudiatory breach. This amount also attaches as a maritime lien against the Vessel. Attached hereto is a true and correct copy of Thorco's Final Hire Statement as **Exhibit 2**.

21. The total quantum due and owing is no less than **$165,232.90**, plus applicable interest, fees, and costs.

### III. REQUEST FOR RULE C ARREST AND ISSUANCE OF WARRANT OF ARREST

22. Plaintiff repeats and re-alleges paragraphs 1-21 in the above and foregoing Verified Complaint, and for its further and additional admiralty *in rem* claims against the Defendant Vessel, alleges and pleads as follows:

23. Pursuant to Clause 18 of the charter party agreement Charterers, Thorco, "[has][] a lien on the Ship for all monies paid in advance and not earned, and any overpaid hire or excess deposit to be returned at once." *See* **Exhibit 1**.

24. As a result of outstanding amounts owed to Plaintiff, Plaintiff's claim for the amount of **$165,232.90**, attaches as a maritime lien on the Vessel in favor of Plaintiff and is enforceable against the Vessel *in rem* under the provision of 46 U.S.C. § 31341 *et seq*.

25. Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common in Rule C arrest cases for the security to be set at one and a half (1.5) times of the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest of the Vessel in the amount of **$247,500.00**. *See* Supplemental Rule E (5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and fees, etc.).

26. Plaintiff seeks to enforce its maritime lien by arresting the M/V BF TIMARU within the District, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

## IV. REQUEST FOR RULE B ATTACHMENT AND ISSUANCE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT

27. Plaintiff restates and re-alleges paragraph 1 – 21 in the above foregoing Verified Complaint.

28. Defendant Owners provided an unseaworthy Vessel and is in repudiatory breach of the parties' charter party agreement. Furthermore, Defendant Owners have failed, neglected, and/or refused to extend the charter party redelivery date and/or to remit payment to Plaintiff as summarized in the Statement of Account following Defendant's repudiatory breach of the charter party agreement. *See* **Exhibit 2**.

29. Thorco's claims against Defendant Owners for breach of the charter party agreement is a maritime claim.

30. This is an ancillary proceeding, brought in order to obtain jurisdiction over Defendant MS "BF TIMARU" Schiffahrts GmbH KG to obtain security for Plaintiff's claims in aid of Plaintiff's London arbitration proceedings.

31. Interest, costs, and attorney's fees are routinely awarded to the prevailing party under English Law and the procedural rules of London arbitration. It is standard for interest to be awarded to the prevailing party in the amount of 4.5% to 5.5%, compounded quarterly.

32. It is common in Rule B arrest cases for the security to be set at one and a half (1.5) times of the fairly stated claim, and therefore Plaintiff also seeks an Order of Attachment of the Vessel in the amount of **$247,500.00**. *See* Supplemental Rule E (5) (permitting substitute

security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and fees, etc.).

33. Defendant Owners are not present or cannot be found in the Eastern District of Louisiana within the meaning of Rule B of the Supplemental Admiralty Rules. *See* Local Rule 7.02(a). Furthermore, none of the officers of Defendant Owners are within the District; Defendant Owners do not maintain offices or telephone listings in the District. Defendant Owners are not incorporated or registered to do business in the State of Louisiana; and Defendant Owners do not have a registered agent for the receipt of service of process in the State of Louisiana. A copy of the Attorney Declaration is attached hereto as **Exhibit 3**.

34. The M/V BF TIMARU is the property of Defendant Owners and is located within the District and subject to attachment and garnishment pursuant to Rule B.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Thorco prays as follows:

A. That Process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, be issued against Defendants, and Defendants be cited to appear and answer the allegations of this Verified Complaint;

B. That this Honorable Court enter an order of *in rem* arrest for M/V BF TIMARU pursuant to Rule C of the Supplemental Rules to enforce Plaintiff's maritime lien and that the Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

C. That if Defendant MS "BF TIMARU" Schiffahrts GmbH KG cannot be found within the District, then all of their respective property within this District, tangible or intangible, including but not limited to M/V BF TIMARU, owed by or in the hands or control of persons

named as garnishees in the Process of Maritime Attachment and Garnishment be attached and seized pursuant to Rule B of the Supplemental Rules;

      D.      That judgment be entered in favor of Plaintiff and against the Defendant M/V BF TIMARU, her engines, freights, apparel, appurtenances, tackle etc. *in rem*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

      E.      That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Dated: December 30, 2021　　　　　　　　　　Respectfully submitted,
       New Orleans, Louisiana

                                      CHALOS & CO, P.C.

                         By:    /s/ Daphne P. McNutt
                                Daphne P. McNutt (#20292)
                                Barry & Co., LLC
                                612 Gravier Street
                                New Orleans, LA 70130
                                dmcnutt@barrylawco.com
                                Telephone: (504) 525-5553
                                Facsimile: (504) 505-1909

                                *Attorneys for Plaintiff Thorco Projects A/S*

OF COUNSEL

Chalos & Co, P.C.
Briton P. Sparkman
*Pro Hac Vice Application Forthcoming*
*Attorney for Plaintiff*
7210 Tickner Street
Houston, Texas 77055
Tel: (713) 574-9582